UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARK S. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:12-mc-27-TWP-DML |
| | ) |
| BARACK OBAMA, | ) |
| JANE MAGNUS-STINSON, and | ) |
| ZINK, Sup., | ) |
| | ) |
| Defendants. | ) |

**Entry and Notice**

**I.**

There is one and only one means by which to commence a civil action in federal court. That means is through the filing of a complaint. *In re Allied Signal Corp.,* 915 F.2d 190, 192 (6th Cir. 1990) ("an action is commenced with the filing of a complaint rather than a motion"); 1 James Wm. Moore et al., **MOORE'S FEDERAL PRACTICE** ' 3.02[1] (3d ed.2000) ("an action is not commenced by . . . filing a motion with the court . . . ."). A letter is not a complaint, see *Baldwin County Welcome Center v. Brown,* 466 U.S. 147 (1984), and thus the motion for temporary restraining order and the additional material filed by Mr. Hughes does not constitute a complaint. Accordingly, it presents nothing for the court to act upon except recognizing that Mr. Hughes, a state prisoner, may believe otherwise.

According to Rule 3 of the *Federal Rules of Civil Procedure*, a civil action is commenced upon the filing of a complaint with the court. If Mr. Hughes wishes to file a lawsuit, he must file a complaint, and in doing so he shall be guided by the following: (a) the complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . "; (b) the complaint shall comply with the requirement of Rule 10(b) that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the complaint shall contain a clear statement of the relief which is sought. However, if he challenges either the fact or the duration of his confinement, he may do so in federal court only through an action seeking a writ of habeas corpus.

## II.

If a complaint is submitted as directed in the preceding paragraph, Mr. Hughes must contemporaneously either pay the $350.00 filing fee or demonstrate that he lacks the financial ability to do so.

**III.**

Because there has been no complaint (or habeas petition) filed, the motion for temporary restraining order [Dkt. 1] is **denied.**

**IT IS SO ORDERED.**

Date: 03/16/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark S. Hughes
#894549
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box A
New Castle, IN 47362